**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaleon Akins, | No. CV-18-00954-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Seidberg Law Offices PC, | |
| Defendant. | |

Pending before the Court is the parties' Joint Motion for Class Certification and Final Approval of Class Action Settlement (Doc. 32).

## I. BACKGROUND

On September 24, 2018, after arms-length negotiations, Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Agreement"), which is subject to review under Federal Rule of Civil Procedure 23. On October 2, 2018,[1] the parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Agreement ("Preliminary Approval Motion"). (Doc. 26). Within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715, and notified the appropriate state and federal officials. (Doc. 32-3). On October 23, 2018, upon consideration of the Preliminary

---

[1] The parties initially lodged their Preliminary Approval Motion (Doc. 24) on September 25, 2018, awaiting Court approval to file an overlength motion. (Doc. 23). The Court granted the parties' motion to file an overlength Preliminary Approval Motion on October 1, 2018, and directed the Clerk of the Court to file the lodged Preliminary Approval Motion. (Doc. 25). Accordingly, the parties' Preliminary Approval Motion, originally lodged (Doc. 24) was filed on October 2, 2018. (Doc. 26).

Approval Motion and the record, the Court entered an Order conditionally granting class certification and preliminary approval of the settlement ("Preliminary Approval Order"). (Doc. 27). Pursuant to the Preliminary Approval Order, the Court preliminarily approved the proposed settlement agreement, approved the form of the notice to class members, and set the date and time of the Fairness Hearing.

On March 14, 2019, the parties filed their Joint Motion for Class Certification and Final Approval of Class Action Settlement ("Final Approval Motion") (Doc. 32). The Final Fairness Hearing was held on March 14, 2019, pursuant to Rule 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court. (Doc. 33). Pursuant to the Court's direction at the Fairness Hearing, on March 28, 2019, the parties submitted a Stipulation and Addendum to the Class Action Settlement Agreement ("Addendum"). (Doc. 34).

**II. Discussion**

The Court has read and considered the Agreement, Final Approval Motion, Addendum, and the record as a whole and makes the following findings.

**A. Class Certification**

Final approval of a class action settlement requires, as a threshold matter, an assessment of whether the class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–1022 (9th Cir. 1998). Because no facts that would affect these requirements have changed since the Court preliminarily approved the class on October 23, 2018, this Order incorporates by reference its prior analysis under Rules 23(a) and (b) as set forth in the order granting preliminary approval. (Doc. 27). Accordingly, class certification is granted.

**B. Settlement Agreement**

The Court finds that adequate notice was sent to the settlement class members as required in Preliminary Approval Motion (Doc. 27) and no members objected or requested to be excluded from the class. (Doc. 31 at 2). The Court further finds that the settlement

of this matter, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and the limited amount of any potential total recovery for the Class.

At the Fairness Hearing, the Court expressed hesitation regarding the scope of Plaintiff's release of claims; however, based on the Addendum and the record as a whole, the Court is satisfied that Plaintiff understands the scope her released claims, which includes her claims against Defendant and against Ford Motor Credit. (Docs. 32-2, 34 at 2). Thus, the Court finds the settlement is fair, reasonable, adequate, and in the best interests of the settlement class.

Accordingly,

**IT IS ORDERED**:

1. Jurisdiction: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Class Members: Pursuant to Rule 23(b)(3), the Lawsuit is hereby certified as a class action on behalf of all individuals with an Arizona address to whom during the period from March 27, 2017, through October 23, 2018, Defendant sent a letter substantially similar to Exhibit B to Plaintiff's Complaint and whose letter was not returned as undeliverable. Excluded from the Class are:

    a. any person who is already subject to an existing signed general release that covers Seidberg Law Offices, P.C.;

    b. any person who is deceased as of the date of preliminary certification;

    c. any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and

    d. any class member who timely mails a request for exclusion.

3. <u>Class Representative and Class Counsel Appointment</u>: Pursuant to Rule 23, the Court certifies Plaintiff Aaleon Akins as the Class Representative and Russell S. Thompson IV and David N. McDevitt as Class Counsel for the Class Members.

4. <u>Class Notice and Claim Form</u>: Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5. <u>Class Certification</u>: The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    a. the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. the claims of the Plaintiff are typical of the claims of the Class Members;

    d. the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. <u>Fairness</u>: The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the

3. <u>Class Representative and Class Counsel Appointment</u>: Pursuant to Rule 23, the Court certifies Plaintiff Aaleon Akins as the Class Representative and Russell S. Thompson IV and David N. McDevitt as Class Counsel for the Class Members.

4. <u>Class Notice and Claim Form</u>: Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5. <u>Class Certification</u>: The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    a. the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. the claims of the Plaintiff are typical of the claims of the Class Members;

    d. the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. <u>Fairness</u>: The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the

strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying to the Class as much or more than the maximum statutory damages provided by law.

7. <u>Agreement Terms</u>: The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

    a. Defendant shall pay Plaintiff $1,000 in statutory damages;

    b. Defendant shall pay Plaintiff an additional $1,000 in compensation for her service as Class Representative; and

    c. Defendant shall pay to the class administrator the total sum of $4,000.00. The class administrator shall distribute such funds equally among all members of the Class. The checks to class members shall be distributed as provided for in the Agreement.

8. <u>Objections and Exclusions</u>: The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. No other Class Member is excluded. This order is binding on all Class Members.

9. <u>Release of Claims and Dismissal of Lawsuit</u>. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are

hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above. With the exception of the foregoing injunction all other claims in this Lawsuit are hereby dismissed with prejudice. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

10. <u>Miscellaneous</u>: The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

**IT IS FURTHER ORDERED** that that the Joint Motion for Class Certification and Final Approval of Class Action Settlement (Doc. 32) is **GRANTED**. The parties and settlement administrator are directed to implement this Order and the Agreement in accordance with the terms of the Agreement and this Order.

**IT IS FINALLY ORDERED** that the Clerk is respectfully directed to terminate this action.

Dated this 20th day of May, 2019.

Honorable Diane J. Humetewa
United States District Judge